Wells Fargo Bank v. Schunck, No. 193-4-10 Wmcv (Wesley, J., Apr. 28, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
SUPERIOR COURT

| | |
|---|---|
| WELLS FARGO BANK<br>  Plaintiff<br><br>  v.<br><br>Nancy Schunck, Obertal Condominiums, et al<br>  Defendant | WINDHAM UNIT, CIVIL DIVISION<br>Docket No. 193-4-10 Wmcv |

## ORDER RE DISPUTE AS TO FORM OF JUDGMENT

Judgment has entered against all defendants in this foreclosure action, as to both Plaintiff's complaint and the cross-claim to foreclose its lien for condominium association fees filed by Defendant Obertal. Having been directed to file a proposed consolidated decree, Plaintiff and Obertal disagree as to the proper form of judgment.

Regarding the principal basis for disagreement, Obertal's proposed decree would recognize its claim to priority as to the proceeds from any eventual sale based on a six month period of delinquencies accruing immediately prior to its initiation of this action to enforce the lien, *and* all unpaid assessments that have continued to accrue while this action has been pending. Basing its argument of the plain language of 27A V.S.A. §3-116(c), Plaintiff disputes that Obertal is due priority as to any amounts beyond the six month period of delinquencies which accrued prior to the initiation of the cross-claim.

The statute provides:

(c) A lien under this section is also prior to all security interests described in subdivision (b)(2) of this section to the extent of the common expense assessments based on the periodic budget adopted by the association pursuant to subsection 3-115(a) of this title which would have become due in the absence of acceleration during the six months immediately preceding institution of an action to enforce the lien.

27A V.S.A. § 3-116(c).

Relying on elemental principles of statutory construction, see, *In re: Ambassador Insurance Co., Inc.*, 184 Vt. 40, 418, Plaintiff contends that the meaning is plain of the face of the statute, limiting any claim for priority of association assessments over a first mortgage to the six month period described in Sec. 3-116(c). Obertal responds that the language specifically refers to "the six months *immediately preceding* institution of an action to enforce the lien", and that logic and fairness requires that, in addition to such specifically designated retroactive priority, all unpaid assessments which continue to accrue while the action is pending should be paid first from the proceeds of any sale. The Court agrees.

As Obertal argues, the statutory scheme strikes a careful balance between the secured positions of the first mortgage holder and the condominium associations, whose interests are intertwined in the success of condominium developments. First mortgage financing is essential to the sale, resale and long-term viability of any such project. At the same time, the very units serving as collateral for a mortgage are subject to waste and deterioration if the condominium association is unable to sustain its own viability, including responsibility for the maintenance of the common elements.

In consideration of this balance of interests, the Court adopts Obertal's construction of the statute, inferring that the Legislature meant only to limit the *retroactive* priority of unpaid liens over a first mortgage in an enforcement action. As Obertal urges, Plaintiff's construction leads to such unjust results as to require that it be rejected as yielding absurd consequences. *Ambassador Insurance*, 184 Vt. at 419. From the initiation of the enforcement action until an eventual sale by judicial decree, a period of between one and two years is typical.[1] It is usual and predictable in foreclosures involving condominiums that the association fees will remain delinquent throughout this period. Rarely will an association be in a position to easily absorb this large a delinquency, particularly if several units are in arrears simultaneously. Thus, the Court concludes that granting the enforcing association only six months of priority skews the balance the statute was designed to protect. Plaintiff's construction would risk the financial viability of the owners associations, imperiling not only the security for its own mortgage but that of all other mortgage holders secured by units in the complex.

As urged by Obertal, its construction of the statute is further supported by the holding in *Town of Weathersfield v. Merchants Bank*, 284 F.3d 362, 369 (2d Cir.,2002), stating that "a foreclosure judgment vest full legal and equitable title to the property with the mortgagee" subject only to the equity of redemption. Indeed, the Court recognizes this legal status as a separate grounds, independent from its statutory construction, for charging Plaintiff with satisfying the assessments for the unit to which it is asserting equitable title by the claims raised in its foreclosure action, and which have accrued unpaid during after the filing of the complaint.

In a matter unrelated to lien priority for Obertal's assessments, Plaintiff objects to Obertal's proposed order as it conflates amounts under Plaintiff's first

---

[1] The Court takes judicial notice that many nationally-based institutions holding assignments of mortgage notes have declared moratoriums as to pending foreclosure actions, a fact well-known to Plaintiff's counsel. Furthermore, the recent enactment of the amendment to V.R.C.P.80.1(g) has prompted requests for delay, even after the issuance of a decree and order of sale, in order that plaintiffs may gather the information and documents necessary to the required certifications. In an unrelated case, involving different parties and counsel, the Court recently denied a request by Plaintiff's counsel for an indefinite stay of the obligation to conduct the judicially decreed sale until such time as "it becomes clear that such a sale will be necessary". In short, in the current climate, the expectation embodied in Rule 80.1 that foreclosure is a summary remedy allows for far less predictability than in the past regarding the length of time necessary to the disposal of a foreclosure action.

and second mortgages. Obertal did not respond to this objection, and the Court acknowledges its validity.

WHEREFORE it is hereby ORDERED: The Court APPROVES the proposed decree submitted by Obertal as relates to the priority of condominium association assessments, provided that the proposed decree shall be submitted in amended form, approved by both parties, to properly state amounts due under Plaintiff's first mortgage, and also afford it a redemption period for its second mortgage.

Dated at Newfane this       day of       , 2011.

_____
John P. Wesley
Superior Court Judge